IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSCAR OMAR REYES-ESPINOZA,

    Plaintiff,

v.                                              Civ. No. 2:21-cv-00457 MIS/JHR

BOARD OF COUNTY COMMISSIONERS
OF DOÑA ANA COUNTY, JACK GONZALES,
ENRIQUE PEREZ, JULIO BARRAGAN,
ARTUOR PEREA, and JESSICA LUJAN,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. ECF No. 17. Plaintiff responded. ECF No. 21. No reply is needed for the Court to rule on the Motion, and Defendants suffer no prejudice for lack of time to reply. Having considered the parties' submissions, the record, and the relevant law, the Court will GRANT the Motion.

## **BACKGROUND**

Plaintiff filed his complaint in state court on April 13, 2021. ECF No. 1-1. On May 14, 2021, Defendants removed the case to federal court. ECF No. 1. On May 21, 2021, Defendants filed their first motion to dismiss for failure to state a claim. ECF No. 3. On December 15, 2021, Plaintiff moved for leave to file an amended complaint, which the Court granted. ECF Nos. 15, 16.

Plaintiff's Amended Complaint contains one count for violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See* ECF No. 15-1. Much like the original complaint, it contains barebones allegations that Defendants collectively

violated his Eighth Amendment right when he suffered a beating by fellow inmates while in their custody. *Id.* On January 3, 2022, Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. ECF No. 17.

## LEGAL STANDARD

A party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). The court's role when reviewing "a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

For § 1983 claims, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Okla. ex rel Dep't of Hum. Servs.*, 519 F.3d

1242, 1250 (10th Cir. 2008) (emphasis in original). Moreover, a plaintiff must make specific allegations against the individuals named in the complaint, not merely general allegations against a group of defendants. *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) ("To the extent [the plaintiff] argues that his collective characterization of the defendants is sufficient to sustain any personal-capacity claims, his argument is insufficient. He has not explained which of the prison-official defendants are liable for what improper conduct.") (citation omitted).

## DISCUSSION

Here, Plaintiff names six Defendants and appears to allege that they collectively violated his constitutional rights by failing to protect him from his fellow inmates while he was in their custody. *See* ECF No. 15-1. However, Plaintiff demonstrably fails to make specific allegations against each Defendant, leaving them without notice of the claims against them and failing to meet the federal pleading standards.

1. **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF DOÑA ANA COUNTY**

Outside of the case caption and the jurisdictional allegations, Plaintiff makes no allegations against Defendant Board of County Commissioners. *See generally* ECF No. 15-1. Thus, the Amended Complaint plainly fails to allege *what* Defendant Board did to *whom*. *See Robbins*, 519 F.3d at 1249–50. Moreover, to state a § 1983 claim against a municipality, Plaintiff must allege that a policy or custom was the cause of a constitutional rights violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's Amended Complaint utterly fails to even allege that a "policy" or "custom" was

involved in the deprivation. *See* ECF No. 15-1. As such, the claims against Defendant Board must be dismissed. *See Monell*, 436 U.S. at 694.

## 2. DEFENDANT JACK GONZALES

Outside of the case caption and the jurisdictional allegations, against Defendant Gonzales, Plaintiff's only allegation is: "by the time Gonzale[s] noticed Plaintiff, the beating had finished." ECF No. 15-1 at 3, ¶ 30. This allegation does not allege what Defendant Gonzales did to deprive Plaintiff of his constitutional rights. *See Williams*, 928 F.3d at 1212. As such, the Amended Complaint fails to plausibly allege that Defendant Gonzales violated Plaintiff's rights, and the claims against him must be dismissed.

## 3. DEFENDANT ENRIQUE PEREZ

Outside of the case caption and the jurisdictional allegations, against *any* Defendant Perez, Plaintiff's only allegations are: "Cadet Elizabeth Perez,[1] who was the station officer on the block, was the first to witness the attack"; and "Perez and Perez noticed a significant amount of blood by the sink, the door, on the floor, and inside the garbage can." ECF No. 15-1 at 2, ¶ 15-1; 4, ¶ 32. These two sentences do not allege what Defendant Perez did to deprive Plaintiff of his constitutional rights. *See Williams*, 928 F.3d at 1212. As such, the Amended Complaint fails to plausibly allege that Defendant Perez violated Plaintiff's rights, and the claims against him must be dismissed.

---

[1] As Defendants rightly point out, Plaintiff's references to a Defendant Perez are confusing at best. It remains unclear to the Court if "Cadet Elizabeth Perez" is supposed to be the same person as Defendant Enrique Perez named in the Amended Complaint. Regardless of whether Plaintiff meant both sentences to refer to the same Defendant Perez or if Plaintiff meant to name two different defendants with the same last name, the allegations are not sufficient to survive a motion to dismiss.

### 4. DEFENDANT JULIO BARRAGAN

Outside of the case caption and the jurisdictional allegations, against Defendant Barragan, Plaintiff's only allegation is: "From the video footage, Sergeant Barragan was able to identify seven attackers of [Plaintiff]." ECF No. 15-1 at 3, ¶ 29. This allegation does not specify what Defendant Barragan did to deprive Plaintiff of his constitutional rights. *See Williams*, 928 F.3d at 1212. As such, the Amended Complaint fails to plausibly allege that Defendant Barragan violated Plaintiff's rights, and the claims against him must be dismissed.

### 5. DEFENDANT ARTURO PEREA

Outside of the case caption and the jurisdictional allegations, against Defendant Perea, Plaintiff's only allegation is: "Defendant Arturo Perea, who was also a rover, noted that the room itself was full of Plaintiff's blood." ECF No. 15-1 at 4, ¶ 31. This allegation does not specify what Defendant Perea did to deprive Plaintiff of his constitutional rights. *See Williams*, 928 F.3d at 1212. As such, the Amended Complaint fails to plausibly allege that Defendant Perea violated Plaintiff's rights, and the claims against him must be dismissed.

### 6. DEFENDANT JESSICA LUJAN

Outside of the case caption and the jurisdictional allegations, Plaintiff makes no allegations against Defendant Lujan. *See generally* ECF No. 15-1. Thus, the Amended Complaint patently fails to allege *what* Defendant Lujan did to *whom* and must be dismissed. *See Robbins*, 519 F.3d at 1249–50.

### 7. OFFICERS MACIAS AND VILLALOBOS AND DEFENDANTS COLLECTIVELY

In Plaintiff's response, he asserts that the Amended Complaint states that "the officers on duty (Macias and Villalobos) placed Plaintiff in the same pod" as his attackers. ECF No. 21 at 3. However, the Amended Complaint does not name Macias or Villalobos as Defendants in this action. *See* ECF No. 15-1. Even if Macias or Villalobos had been named as Defendants, the Amended Complaint's only allegations against them are: "Officer Macias and Villalobos arrived and helped to stop the beating of Plaintiff. Villalobos was able to identify and determine that the two assailants were the aggressors." *Id.* at 2, ¶¶ 15–16. Such is not enough to allege wrongdoing against either Macias or Villalobos and cannot survive a motion to dismiss. *See Williams*, 928 F.3d at 1212.

Finally, "[t]o the extent [Plaintiff] argues that his collective characterization of the defendants is sufficient to sustain any personal-capacity claims, his argument is insufficient. He has not explained which of the prison-official defendants are liable for what improper conduct." *See Williams*, 928 F.3d at 1212. Plaintiff's references to "Defendants," "the guards," and "the corrections officers" cannot be construed as allegations against all the named Defendants individually. *See id.*; ECF No. 15-1 at 2, ¶ 17; 3, ¶ 22.

### 8. DISMISSAL WITH PREJUDICE

The Court notes that the Plaintiff has amended his complaint once, *see* ECF Nos. 15, 16, and Plaintiff did not ask for another opportunity to amend his complaint in his response brief, *see* ECF No. 17. The Court further notes that it appears that the statute of limitations has run on Plaintiff's claims. "[T]he statute of limitations for a § 1983 claim in New Mexico is three years." *Schrader v. Richardson*, 461 Fed. App'x 657, 660 (10th

Cir. 2012) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Here, Plaintiff's claims arise out of events that occurred in April of 2018, making his claims time barred after April 2021. *See* ECF No. 15-1. It is February of 2022; and therefore, the dismissal of this action will operate as a dismissal with prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run *the dismissal is effectively with prejudice*.") (citing *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000); *Hatchet v. Nettles*, 201 F.3d 651, 652–53 (5th Cir. 2000)) (emphasis added).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim, ECF No. 17, is **GRANTED**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE